Bollman *v.* Loomis.

CHARLES F. BOLLMAN *vs.* CLARK M. LOOMIS.

The policy of the law forbids that a person acting as the friend and confidential adviser of a purchaser, should at the same time be secretly receiving compensation from the seller for effecting the sale; and a contract for such compensation is void.

ASSUMPSIT, upon the common counts; brought by appeal from a justice to the Court of Common Pleas of New Haven County. The following facts were found by the court:—

In the latter part of the year 1872, Mrs. W. C. Robinson called at the store of the defendant to look at pianos which he kept for sale. She saw there one which pleased her, so far as the outside appearance was concerned, but not being willing to purchase entirely upon her own judgment, it was suggested that the plaintiff, who was a friend of F. A. Robinson, a brother of her husband and an acquaintance of hers, should examine the instrument. The plaintiff was to some extent an expert, and his judgment was much relied upon by the Robinsons. Before this time the plaintiff had been an occasional visitor at the store of the defendant, and was well known to the defendant as an expert. The plaintiff and F. A. Robinson visited the store of the defendant together, and the plaintiff, in the presence of the defendant, examined the

piano, and found the tone to be good and the instrument a
good one, and so expressed himself. His opinion was com-
municated to Mrs. Robinson. The plaintiff did everything to
this point of time in the utmost fairness and good faith
towards the Robinsons, and gave them the benefit of his un-
biased judgment. Mrs. Robinson did not however immedi-
ately purchase, and the plaintiff afterward happening in the
store, the defendant asked him why Mrs. Robinson did not
buy the piano. The plaintiff told him that he did not know,
and explained the relation he sustained toward the Robinsons.
The defendant knew that he was acting for the Robinsons, and
that the Robinsons relied upon his judgment, and for this
reason he requested him to go further than he had before
gone, and to endeavor to effect a sale, and to urge the piano
upon the Robinsons. This the plaintiff promised to do, and
did. A sale was effected, and the plaintiff's exertions and
recommendations were instrumental in effecting it. Neither
of the Robinsons at any time knew that the plaintiff was act-
ing for the defendant, and the plaintiff acted for the Robin-
sons merely as a friend, without reward or pay. After the
sale was effected the plaintiff demanded payment for his
services, and the defendant then denied that he had ever em-
ployed him, but the parties finally settled upon the sum of
$20 as the amount to be paid.

Upon these facts the court (*Stoddard, J.*) rendered judg-
ment for the plaintiff for $20 damages and his costs, and the
defendant brought the record before this court by a motion
in error.

*Newton* and *Arvine,* for the plaintiff in error.

*Bollman,* for the defendant in error.

FOSTER, J. The principle involved in this case is doubt-
less of importance; but the amount involved, pecuniarily, is
small; so small, as in our opinion hardly to justify bringing
the matter here to be decided.

There was gross duplicity on the part of the plaintiff in

acting as the confidential friend and adviser of the purchaser of the piano, and at the same time as agent of the vendor, employed by him expressly to effect a sale.

The party proposing to purchase was deceived. Instead of getting, as he supposed he was, the opinion of the plaintiff as an expert, without bias and without interest, acting merely as a friend, the plaintiff was in fact acting as the agent of the owner, and charging fees for his services. A sale having been effected through his influence, this suit was brought to obtain a compensation.

We think there should be no recovery. We reach this result not out of any regard for the defendant; he is as fully implicated in the deception practiced on the purchaser as the plaintiff himself. The rule in such cases is, that the law leaves the parties where it finds them. The transaction was inconsistent with fair and honorable dealing, contrary to sound policy, and offensive to good morals.

We do not say that the plaintiff or defendant committed a positive fraud. The plaintiff may have said nothing as to this piano which he did not believe to be true, and the defendant may have demanded and obtained for it no more than it was really worth. But the means resorted to to effect the sale, deceived and misled the purchaser, and were in violation of private confidence. Such contracts and acts are deemed equally reprehensible with positive fraud. They are within the same reason and mischief as contracts made and acts done with an evil intent, and are therefore prohibited by law.

Cases of this character, though differing widely in their details, are unfortunately not rare in courts of justice. In *Carter* v. *Boehm*, 3 Burr., 1910, Lord Mansfield said: "Good faith forbids either party, by concealing what he privately knows, to draw another into a bargain from his ignorance of that fact and his believing the contrary." In *Chesterfield* v. *Janssen*, 2 Ves., 155, (*S. C.*, 1 Atk., 352,) Lord Hardwicke said: "Fraud may be collected or inferred, in the consideration of a court of equity, from the nature and circumstances of the transaction, as being an imposition and deceit on other

persons, not parties to the fraudulent agreement." In *Fuller* v. *Dame*, 18 Pick., 481, Chief Justice SHAW said: The law avoids contracts and promises made with a view to place one under wrong influences; those which offer him a temptation to do that which may affect injuriously the rights and interests of third persons." And again: " If such advice and solicitation, thus understood to be pure and disinterested, may be justly offered from mercenary motives, they would produce all the consequences of absolute misrepresentation and falsehood."

This case comes within a class of cases described in the books as " poundage for recommending customers to buy." The case of *Wyburd* v. *Stanton*, 4 Esp., 179, is directly in point. That was an action of assumpsit for goods sold and delivered. The plea was the general issue and set-off. One part of the set-off was for certain poundage and reward before that time agreed to be paid, and then due and payable from the plaintiff to the defendant, upon and in respect of certain goods and merchandise before that time sold and delivered by the plaintiff to one Andrew, for and in consideration of the defendant's having recommended the said Andrew to buy the said goods and merchandise from the plaintiff. Upon this being stated, Lord Ellenborough said he thought this demand could not be supported. It was a fraud on third persons. It was accordingly rejected.

We think this principle a salutary one, and entirely applicable to this case. There is therefore manifest error in the judgment below.

In this opinion the other judges concurred.