## MEYER and another vs. HANCHETT.

AGENCY: FRAUD. *(1, 3) When one acting as vendor's agent precluded from claiming for services as agent of vendee.*

PRACTICE. *(2) Error in rejecting material evidence not cured by a correct statement of the law in the charge.*

1. One who acts as the vendor's agent in the sale of property, without the knowledge of the vendee, cannot recover from the vendee for services in effecting such sale as his agent; his concealment of the fact that he was agent for the vendor being a fraud in the law.

2. Although the law as above stated was correctly given to the jury in this case, the judgment must be reversed for the rejection of material evidence bearing on the question of fact.

3. Whether one who acts as middleman in effecting an exchange of real property, with full knowledge of both parties, can recover from both for his services, is not here decided.

APPEAL from the County Court of *Milwaukee* County.

Action to recover a commission upon a sale of real estate, claimed by plaintiffs to have been effected by them as brokers under employment for the defendant.

The answer denied the employment, and alleged that if the court should hold that the correspondence of the parties did constitute a contract, then plaintiffs' services were of no value to defendant; that they made false and fraudulent representations as to the value of certain property taken by him in exchange for his own property, upon which representations he relied in making such exchange; and that the person with whom the exchange was made was the plaintiffs' own client, and paid them for effecting the trade.

The evidence disclosed the following facts: Plaintiffs were real estate brokers, whose business it was to procure customers for property placed in their hands for sale, the sale itself being usually negotiated by the parties themselves. Being requested by the defendant to secure him a loan upon or a sale of his property, for which, if accomplished, he expressed a willingness to pay liberally, they offered him in exchange a store and stock of goods at Oak Creek, representing it to be of a certain value, greater than its real value, and also representing that the owner, Mr. Hobart, whom in their correspondence they styled their "customer," was thoroughly reliable, and that whatever he said might be depended upon. Defendant sent out an agent, who looked at Hobart's property, and with whom Hobart returned to view defendant's farm; and after the examination, the parties effected a trade between themselves.

Plaintiffs admitted, for the purposes of the case, that prior to and at the time of the exchange, they had a contract with Hobart, by which they were to assist him in selling his property at Oak Creek for a compensation.

The court rejected defendant's offers to show, in substance, that he had no notice from plaintiffs, and no knowledge, that in negotiating the exchange of property between himself and

Hobart, they expected to receive compensation from both himself and Hobart, or had any understanding with the latter that he should compensate them. The evidence so rejected is more fully stated in the opinion; as also certain instructions given to the jury upon the same subject.

The plaintiffs had a verdict and judgment for $857.22; and defendant appealed from the judgment.

*Geo. H. Noyes*, for appellant:

1. It is well settled that to entitle a real estate agent to recover compensation from both vendor and vendee, the contract with the vendor must be a specific one, to do some particular act, as merely to find a party ready and willing to purchase at a price fixed by the vendor, or to procure an interview with a certain person; and the contract must be such as to clearly show that the hiring was for this particular act, and not a general employment for the purposes of a sale or exchange. *Herman v. Martineau*, 1 Wis., 155; *Mullen v. Keetzleb*, 7 Bush, 253; *Rupp v. Sampson*, 16 Gray, 398; *Stewart v. Mather*, 32 Wis., 355. The hiring in this case was a general one, and plaintiffs could not perform their duty to the defendant and at the same time serve Hobart for compensation. 2. The only theory on which a recovery could be had was, that the relations of the plaintiffs to both parties was made known to the defendant, and that he had consented to their so acting. There was no evidence whatever of such knowledge or consent, and a nonsuit should have been granted. *Farnsworth v. Hemmer*, 1 Allen, 494; *Walker v. Osgood*, 98 Mass., 348; *Everhart v. Searle*, 71 Pa. St., 256; *Lloyd v. Colston*, 5 Bush, 590. The *onus* rested upon the plaintiffs; but defendant should have been permitted to show what the fact was, and the instructions given by the court were based upon the theory that the testimony offered was or should have been admitted. 3. A broker employed to sell a farm or dispose of it by way of exchange for other real estate, cannot charge the owner of the latter a commission for effecting the

exchange, nor could he collect such commission even under. an agreement therefor, or by proof of a custom among brokers authorizing it. *Raisin v. Clark*, 41 Md., 158; Am. Law Reg., Jan., 1876, p. 61.

*F. W. Cotzhausen, contra*, contended that the plaintiffs were middlemen merely, and not agents of the defendant for the sale or exchange of his farm, standing to him in a fiduciary relation and having some discretion and control over the conditions of sale; that their business was simply to find purchasers or opportunities for sale, leaving the parties to negotiate and deal with each other at pleasure; that the law leans to that construction of the contract which will secure to the broker his commission (*Stewart v. Mather*, 32 Wis., 344); and that the defendant's knowledge of the relations of the plaintiffs to Hobart was shown in the correspondence of the parties, and would be presumed from his knowledge of the general character of plaintiffs' business.

COLE, J. The counsel for the plaintiffs admitted on the trial that, prior to and at the time of the exchange of the defendant's farm for the Oak Creek property, the plaintiffs had a contract with Hobart, by which they were to assist him in selling his property at Oak Creek for a compensation. Thereupon the defendant offered to prove by *Meyer*, one of the plaintiffs, that the plaintiffs did not notify the defendant that, in negotiating or assisting in negotiating this exchange, they were to ask for or strive to recover compensation from both him and Hobart, and that in pursuance of the agreement with Hobart they had received compensation from him for their services. This testimony was excluded by the court. In the same connection the defendant proposed to prove by his own testimony, that no notice was given to him by the plaintiffs, and that he did not know, that they intended to charge, or had charged, and would endeavor to recover, compensation from both him and Hobart, and that they did not

notify him, and he did not know, that they had any under-standing with Hobart for compensation; which testimony was also excluded by the court. It seems to us very plain that the court erred in excluding the evidence offered, especially in view of the admission that prior to and at the time the ex-change or trade of the different properties was effected, the plaintiffs had a contract with Hobart by which they were to assist him in selling his Oak Creek property for a compensa-tion. The object of the testimony was to prove the precise relations which the plaintiffs occupied both in respect to Hobart and the defendant, and to establish the fact that they were acting as agents for both parties in the transaction, while concealing that fact from the defendant. It is well settled that the plaintiffs could not recover for services rendered while holding such entirely incompatible relations. It would be a fraud for the plaintiffs to conceal from the defendant the fact that they were employed to aid Hobart in the disposition of his property, while acting as his agent. Upon this point the law is so clearly stated by BIGELOW, C. J., in *Farnsworth v. Hemmer*, 1 Allen, 494–5, that we cannot do better than quote his language. "The principle," says the learned chief justice, "on which rests the well settled doctrine, that a man cannot become the purchaser of property for his own use and benefit, which is intrusted to him to sell, is equally applica-ble where the same person, without the authority or consent of the parties interested, undertakes to act as the agent of both vendor and purchaser. The law does not allow a man to assume relations so essentially inconsistent and repugnant to each other. The duty of an agent for a vendor is to sell the property at the highest price; of the agent of the purchaser, to buy it for the lowest. These duties are so utterly irrecon-cilable and conflicting that they cannot be performed by the same person without great danger that the rights of one principal will be sacrificed to promote the interests of the other, or that neither of them will enjoy the benefit of a dis-

creet and faithful exercise of the trust reposed in the agent. As it cannot be supposed that the vendor and purchaser would employ the same person to act as their agent to buy and sell the same property, it is clear that it operates as a surprise on both parties, and is a breach of the trust and confidence intended to be reposed in the agent by them respectively, if his intent to act as agent of both in the same transaction is concealed from them." Equally distinct and emphatic is the language of the courts upon precisely the same question, or kindred ones, in *Rupp v. Sampson*, 16 Gray, 398; *Walker v. Osgood*, 98 Mass., 348; *Bollman v. Loomis*, 41 Conn., 581; *Everhart v. Searle*, 71 Pa. St., 256; *Raisin v. Clark*, 41 Md., 158; *Morrison v. Thompson*, Law Reports, 9 Q. B., 480; *Lloyd v. Colston*, 5 Bush, 587; *Stewart v. Mather*, 32 Wis., 344; *Grant v. Hardy*, 33 id., 668; *In re the Taylor Orphan Asylum*, 36 id, 534. See also Story on Agency, §§ 31 and 211 and cases in notes.

In this case the court below instructed, at the request of the defendant, that if the jury found from the testimony that the plaintiffs were employed by the defendant to assist in negotiating the sale or exchange of his farm, and at the same time were employed by Hobart to negotiate or assist in negotiating the sale or exchange of his Oak Creek property for a compensation, and concealed the fact of their agency for Hobart, and the defendant did not know of it, and had no knowledge that the plaintiffs intended to charge both him and Hobart commissions, then there could be no recovery; though the evidence was excluded to which this proposition of law was applicable. It is unnecessary to remark that if the proposition of law is correct — as it doubtless is, — the proposed evidence should have been admitted. Nor do we deem it any sufficient answer to say that the evidence excluded could not have aided the defendant, because the inference was plain from the letters of the plaintiffs written to him during the negotiations, that their precise relations to Hobart were

known to him. As a matter of construction or inference, it is impossible to say that the letters disclosed the true relations between the plaintiffs and Hobart, and showed that they were acting for him in effecting the trade or exchange of the different properties for a compensation; and the defendant offered to prove by his own testimony that the plaintiffs did not notify him of that fact, and that he did not know that they had any understanding with Hobart for compensation. It would be improper for us at this time to express any opinion on the question discussed, whether the employment of the plaintiffs by both Hobart and defendant did or did not involve something more than the duty of a "middleman." Nor, as the case now stands, can we consider the further question whether the plaintiffs could recover their fees from the defendant providing their actual relations to both parties had been fully known to him, and he had thereafter consented to their so acting. To this extent the cases are in accord, that the agent of one person cannot, without his knowledge and consent, act for the other party in the same transaction, where the interests of the opposite parties are adverse. "Even custom or usage will not be allowed to extend the right to act for and receive compensation from both parties, to matters in which the interests of the parties are or may be diverse." *Walker v. Osgood; Farnsworth v. Hemmer; Raisin v. Clark.* But as there must be a new trial on account of the improper rejection of evidence, any further discussion of the questions involved would be inappropriate.

*By the Court.* — The judgment of the county court is reversed, and a new trial ordered.