MEYER and another vs. HANCHETT.

*Double agency, for seller and buyer.*

1, One cannot act as agent for both seller and purchaser, unless both know of and assent to his undertaking such agency and receiving commissions from both.

[2. Whether such double agency, even with consent of both principals, is consistent with public policy, is not here decided.]

3. Defendant sold land to one H., taking property in exchange. Plaintiffs, having been paid by H. for their services to him in the transaction as sale agents, sought to recover a commission from defendant for selling his said land. Defendant answered that he dealt with plaintiffs as agents of H. only. Upon the evidence (for which see opinion): *Held*, that while it clearly appears that plaintiffs were employed by defendant to sell his land, and not as mere middlemen to bring the parties together, there was nothing to warrant a finding that defendant ever consented to their acting as agents for *both* parties; and there was no error in a compulsory nonsuit.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover a commission upon a sale of real estate, which plaintiffs claim to have made as brokers or agents for defendant. The case was before this court in 39 Wis., 419. In addition to the facts there stated, the complaint alleged that defendant had employed the plaintiffs, *Meyer* and *Ault*, to find a purchaser for his farm, in pursuance of which employment plaintiffs placed the farm upon the market, and,

after repeated negotiations with different parties, found a purchaser in one Hobart.

The answer denied the employment, unless the letters introduced constituted such employment, and alleged that defendant dealt with plaintiffs as agents of Hobart, and not otherwise; that "defendant understood and believed that said Hobart was the client of said plaintiffs, and that they were acting for him in making said trade; and that said Hobart has paid or agreed to pay them for making such trade," etc.

The nature of the evidence appears from the former report, 39 Wis., 419, and is fully stated in the opinion, *infra*. The only additional testimony of importance adduced upon the second trial was that of defendant, who was permitted to testify that the plaintiffs in no manner gave him notice that they intended to charge, or had charged, or would endeavor to recover, compensation from both Hobart and defendant.

The court, on defendant's motion, rendered judgment of nonsuit; from which plaintiffs appealed.

Briefs were filed, by *Cotzhausen, Sylvester & Scheiber* for the appellants, and by *Smith & Lamb* and *D. S. Wegg* for the respondent; and the cause was argued orally by *Mr. Cotzhausen* and *Mr. Wegg*.

For the appellants it was argued, that a nonsuit should be ordered only when there is an entire absence of evidence which, on the most favorable construction, tends to establish plaintiff's case. The evidence must be such that it could not possibly sustain a contrary verdict. *Cutler v. Hurlbut*, 29 Wis., 153; *Jackson v. Town of Bellevieu*, 30 id., 250. And it is said in *Stewart v. Mather*, 32 Wis., 344, that "the law leans to that construction of the contract which will secure to the broker his commission." Plaintiffs claim as middlemen, employed merely to find a party ready and willing to loan or purchase, as in *Herman v. Martineau*, 1 Wis., 155, and *Stewart v. Mather, supra;* and the question whether they were middlemen merely was, upon the facts shown, a fair

question for the jury. Again, defendant knew the relations between Hobart and plaintiffs, and acquiesced therein. This appears from the answer, in which defendant alleges that he dealt with plaintiffs as agents of Hobart, and not otherwise, and that he understood and believed that Hobart was the client of plaintiffs, and that they were acting for him, and that he had paid or agreed to pay them for making the trade. If this admission in the answer is not conclusive, is it not, at least, a question for the jury to decide, whether his statement in the answer, or that made by him as a witness, is entitled to credit?

For the respondent it was argued, that the duty of a real estate broker, employed to negotiate a sale or exchange of land, is to send to the vendor all parties desiring to purchase, while, if he is to receive compensation from both vendor and vendee, his own interests demand that he send no one but the purchaser, who is willing to pay a commission. This conflict of interests prohibits the agent from acting in the double capacity. *Meyer v. Hanchett*, 39 Wis., 419, and cases there cited; *Shirland v. Monitor Iron Works Co.*, 41 id., 162. An express contract by vendor and vendee to pay the broker, even if made with full knowledge that the broker is acting for both, should be held void as against public policy. In any event, the only theory upon which plaintiffs could be entitled to recover in this case is, that their relations to Hobart had been fully made known to the defendant, and he had thereafter consented to their double employment. There was no evidence that plaintiffs had informed defendant of the position they occupied, or that he knew the facts in relation thereto; unless such notice and knowledge are inferred from the correspondence introduced in evidence. But this shows no such notice or knowledge, and the interpretation of it was for the court. *Cooper v. Schwartz*, 40 Wis., 54.

COLE, J. The judgment of nonsuit in this case was fully

warranted, under the circumstances, by the decision made on the former appeal.   39 Wis., 419.   It was there in effect decided, that the plaintiffs could not act as the agents of the seller and purchaser without the knowledge and assent of both principals that they might undertake such mutual agency and receive commissions for their services.   The law will not allow a person to assume such a double agency, or hold the inconsistent and repugnant relations which it imposes, certainly not without the full consent of both parties freely given.   Cases might be cited which hold a stricter rule, and which condemn, on grounds of public policy, such double agency, even when exercised with the knowledge and consent of both principals. But it is not necessary to go that length in this case.   It is sufficient here to say that the plaintiffs could not recover commissions for services rendered the defendant while they were acting for Hobart in the same transaction, unless their relations to Hobart were made known to the defendant, and he consented to their so acting.   The law upon this subject is too well settled to require further comment.

But it was claimed that the evidence showed, or at least that the jury might have found, if the question had been submitted to them, that the plaintiffs did not act as agents for or in the interest of either party, but were mere middlemen to bring the parties together to enable them to make their own contract.   In such a case, it is said, the law would allow them to recover commissions from both, according to the value of the services rendered to each.   We do not think, however, any such inference could properly be made, upon the evidence. The plaintiff *Meyer* testified, in substance, that the defendant first applied to him to effect a loan upon his farm; that he failed to procure the loan, and subsequently wrote to the defendant to find out whether his farm was yet in the market for disposal.   Then followed the correspondence which was put in evidence.   The letters on both sides, and other evidence, clearly show that the plaintiffs were employed by the

defendant to sell or exchange his property. About this there cannot possibly be a question. *Meyer* says, in substance, that the plaintiffs rendered considerable services, and exerted themselves to a considerable extent, in disposing of this farm; advertised it for sale; went to expense on account of it; negotiated with a party in Boston and with Hobart in relation to it; spent a good deal of time in making the sale; and charged the ordinary rates for selling country property.

This is believed to be a fair summary of his testimony, and, when considered in connection with the other evidence, leaves no room for doubt as to the capacity in which the plaintiffs acted. It is evident that the plaintiffs well knew they were something more than mere middlemen to bring the parties together. They were in fact employed by the defendant to sell his farm or exchange it for other property; and this they seem to have fully understood. Such being their position, it was, of course, their imperative duty to do the best they could for his interest in any trade which they might make. And this brought them clearly within the rule which forbids an agent from acting for both seller and purchaser in the same transaction without fully disclosing his relations to the parties.

In conformity to the former opinion, the defendant, on the trial, was permitted to testify that in the negotiations between him and the plaintiffs they never notified him that they would seek to recover compensation for their services from both parties; and it is not pretended that the defendant had any knowledge of their relations to Hobart except such as the correspondence afforded. In his answer, the defendant states that he dealt with the plaintiffs as the agents of Hobart, and not otherwise, and that he understood and believed that they were acting for Hobart in making the trade. These allegations in the answer were overlooked by us as well as by counsel, on the other appeal. It is now claimed that they conclusively show that the defendant knew the relations of the plaintiffs

to Hobart at the time, and ought not now to be heard to deny it. Assume, for the argument, that these relations were known to the defendant: there certainly is not one particle of proof that he ever consented that they should act as agent for both parties, which fact should clearly appear in order to render him liable for their commissions. So, in any aspect, we think there was no error in withdrawing the case from the jury and granting the nonsuit.

*By the Court.* — The judgment of the circuit court is affirmed.