TASSE, Respondent, vs. KINDT, Appellant.

*September 14—October 3, 1905.*

*Real-estate brokers: Employment by purchaser: Commissions: Instructions to jury: Prejudicial error.*

1. An agent who undertakes the duty of making a sale for another, or performing a duty in that connection involving diligence in promotion of his employer's interest, cannot recover commission if, without the seller's knowledge, he also be employed upon compensation to work in the interests of the purchaser.

2. Where, however, the agent is a mere middleman or employed to produce a customer at a fixed price, the employment may be such that compensation from the purchaser cannot affect his fidelity in the performance of his duty to the seller.

3. A real-estate broker was employed to find a purchaser for defendant "at the highest price obtainable and satisfactory to the seller."   There was evidence that, while he was negotiating with the ultimate customer, the customer agreed to pay him a commission on certain contingencies.   The court instructed the jury: "There is some testimony in the case tending to show that the plaintiff, in the matter of the sale of said land, was in the employ of the parties who purchased the land.   That fact of itself will not defeat the claim of plaintiff.   You may consider that testimony, however, so far as it may have a bearing

upon the questions which you are to determine." *Held*, prejudicially erroneous.

4. In such case the jury should have been instructed that, if they found such an agreement existed, it would debar the plaintiff from recovery against the defendant.

APPEAL from a judgment and order of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

Action by plaintiff, a real-estate agent, alleging a verbal contract in 1899, whereby plaintiff was to procure a purchaser for certain real estate of the defendant "at the highest price obtainable and satisfactory to the said defendant," and that, when he should furnish a purchaser ready, willing, and able to purchase at a satisfactory price, defendant should pay him two per cent. of the sale price; also that in 1902 defendant authorized an offer of said property at $2,000 per acre, and in September, 1902, plaintiff procured purchaser ready, willing, and able to purchase said property at the price of $2,000 per acre, to whom the defendant sold the property, amounting to ten acres,—wherefore $400 and interest was demanded. Evidence was given tending to establish the allegations of the complaint and tending to show that defendant, while offering to accept $2,000 an acre some time in 1901, had insisted later on $2,300 per acre. It was conceded that defendant did sell to the Filer & Stowell Company, but whether for $2,000 per acre or for $1,909 per acre was somewhat in dispute. There was also evidence that plaintiff had negotiated with the Filer & Stowell people, and that he had obtained and communicated to defendant an offer from them of $2,000 per acre for ten acres of land, and there was evidence tending to prove that, while so negotiating, he had an agreement with the Filer & Stowell Company to pay him a commission under certain contingencies. Defendant moved for a nonsuit at the close of the plaintiff's testimony, and, at the close of all the testimony, for direction of a verdict, both of which motions were overruled and a general verdict rendered

in plaintiff's favor for $400 and interest from the time of the sale. Defendant moved to set aside the verdict and for a new trial, and moved on affidavits after judgment to set aside the judgment and grant a new trial, both of which motions were overruled, whereupon appeals were taken both from the judgment and from the order after judgment denying the motion to set it aside.

For the appellant there was a brief by *McElroy & Eschweiler,* and oral argument by *F. C. Eschweiler.*

*Fred Doering,* for the respondent.

DODGE, J. We shall find it unnecessary to consider any of the errors assigned, except an instruction in the following words:

"There is some testimony in the case tending to show that the plaintiff, in the matter of the sale of said land, was in the employ of the parties who purchased the land. That fact of itself will not defeat the claim of the plaintiff. You may consider that testimony, however, so far as it may have a bearing upon the questions which you are to determine."

An agent who undertakes the duty of making a sale for another, or performing a duty in that connection involving diligence in promotion of the employer's interest, cannot recover commission if, without the seller's knowledge, he also be employed upon compensation to work in the interest of the purchaser. *Herman v. Martineau,* 1 Wis. 151, 158; *Stewart v. Mather,* 32 Wis. 344, 354; *Meyer v. Hanchett,* 39 Wis. 419; *S. C.* 43 Wis. 246. The principle involved is the same as that supporting the rule that one cannot himself be a purchaser of property which he sells in a fiduciary capacity, and is that average human nature is too frail to resist temptation to yield to one's own interest, when in conflict with that of an employer or *cestui que trust.* True, there are many cases where the character of the employment of the selling agent is such that compensation from the purchaser cannot affect his

fidelity in the performance of his duty to the seller, as where he is a mere middleman, or employed only to produce a customer at a fixed price. Such, however, was not the present case. Plaintiff was employed to find a purchaser at the best price obtainable, according to his complaint and some of the testimony; and while defendant had at one time authorized, for a limited period, a sale at $2,000 per acre, that time had long since expired, and there was evidence that, at the very time of the negotiations with the Filer & Stowell Company, defendant was urging his agent, the plaintiff, to endeavor to obtain $2,300. In this situation it certainly cannot be said that an employment by the Filer & Stowell Company to work in their interest might not be inconsistent with plaintiff's duty to search for a customer at a higher price than they were willing to give. It offered him temptation to relax diligence in such efforts, in the hope that, no higher offer being obtained, the property might be sold to the parties who were willing to pay him in the event of such result. We, of course, do not mean to say that the evidence in this case established such an employment by Filer & Stowell Company as did, or even might, affect plaintiff's diligence; but that was a question of fact upon which the jury were entitled to pass, and they should have been instructed that, if they found such an agreement existed, it would debar plaintiff from recovery against the defendant. To tell them that such an agreement of itself could not defeat his action was erroneous, and might well have been prejudicial to the appellant.

*By the Court.*—Judgment and order appealed from are reversed, and cause remanded for new trial.