SHELTON IMPLEMENT COMPANY, APPELLANT, v. FRED
SCHIECK ET AL., APPELLEES.

FILED JUNE 4, 1908.   No. 15,226.

Notes: VALIDITY: An agent for the sale of machinery took a note from
    a purchaser representing a commission or bonus on the sale,
    the amount of which he added to the purchase price.   He also
    received from his principal "commission certificates" showing the
    amount of commission due from his principal, and payable when
    the notes given by the purchaser of the machinery were paid.
    *Held*, That the commission or bonus note exacted by the agent
    from the purchaser was voidable at the option of the maker.

APPEAL from the district court for Buffalo county:
BRUNO O. HOSTETLER, JUDGE.   *Affirmed.*

*W. D. Oldham,* for appellant.

*H. M. Sinclair,* contra.

DUFFIE, C.

The plaintiff brought this action on a promissory note
made by the defendants August 15, 1898, and due October

1, 1899. The facts surrounding the giving of the note, as claimed by the defendants, are as follows: In the fall of 1898 defendants purchased a threshing outfit from Russell & Company of Council Bluffs, Iowa; such purchase being made through the plaintiff, who was agent for Russell & Company at Shelton, Nebraska. When the threshing outfit was delivered, it was settled for by the notes of the defendants, and the note in suit was signed at that time, and, as defendants supposed, as one of the notes going to Russell & Company in payment of the threshing outfit. The defenses alleged against its enforcement are, first, that it was fraudulently obtained; second, that the plaintiff was the agent of Russell & Company, and acted for Russell & Company in selling the machine; third, the statute of limitations. The case was tried to the court, and a judgment entered dismissing the plaintiff's petition.

The threshing outfit purchased by the defendants was second-hand machinery, and the plaintiff claims that the defendants executed the note in suit in consideration of their being able to obtain the machinery at a cut price. In support of this contention it introduced in evidence the following writing: "Shelton, Nebraska, August 2, 1898. This agreement, made this day with James Stevens, provides that, whereas I have ordered through the Shelton Implement Co. and him a threshing outfit from the Russell company of Council Bluffs, and on which there has been a cut made from the prices as quoted me by the said Shelton Implement Co., and James Stevens, to give him or them my note or notes, in the sum of $200, and due October 1, 1899, and secured on the same property and secured in all particulars as order given for machinery provides, said note or notes to draw same interest as said machinery, viz., 6 per cent. Witness whereof I have hereunto affixed my signature the day and date as last above written. Fred Schieck." Both Fred and Henry Schieck testified that, when the machinery arrived at Shelton, they unloaded it from the car, and steamed up the engine for the purpose of going into the country about seven miles;

that Stevens, who acted for the plaintiff, requested them to sign the notes and mortgage before going away; that they went to his office, where he had all the papers prepared, and, without reading them, they signed what they supposed were the purchase notes for the threshing outfit, and had no knowledge that the note in suit was among the number; that no agreement had been made to pay Stevens, or the plaintiff, a bonus for securing the machinery.

The law is well settled that an agent is not entitled to a commission from both seller and buyer, unless it is so agreed and understood by all parties to the transaction. Stevens, the manager for the plaintiff, contends that plaintiff was not an agent of Russell & Company, who sold this threshing outfit, and he offered in evidence several letters received from Russell & Company's manager in support of this contention.   In one of these letters, of date July 12, 1898, and apparently referring to another transaction, Russell & Company's manager says: "You state that you think that you will be able to get such security as will insure both the amount going to us and to you for commission.   We hardly see what you mean by this, unless you expect to take separate notes for commission.   The way we sell goods through agents is this: The notes run to us, and the commission is payable to the agents *pro rata* as each note is paid.   We issue the agent a certificate showing the amount of his commission in each note, this commission certificate to share in interest and expense of collection.   Please make settlement with purchasers accordingly."   The secretary of a Council Bluffs company, acting for Russell & Company, testified that the plaintiff, the Shelton Implement Company, or James Stevens, acted as agent for Russell & Company in making this sale, and that the Shelton Implement Company received three commission certificates, one for $100, one for $375, and one for $192.50, to be paid as commission from the proceeds of the purchasers' notes when collected; that the only interest in the matter which the Shelton Imple-

ment Company had, was. its commission interest, which was payable as the notes were collected. It is true that the record shows that defendants did not pay their notes given Russell & Company on the purchase of this outfit, and that their notes were returned to them on their surrendering the machinery to Russell & Company; but the fact that the Shelton Implement Company, or Stevens, who acted for it, accepted commission certificates from Russell & Company for making the sale is ample evidence to support the findings of the court that the plaintiff was the agent of Russell & Company, and had contracted and agreed to accept from the company a commission for the sale. This being so, the note in suit is without consideration and voidable, as an agent cannot make a valid contract where in the same transaction he acts as agent for both parties, unless that fact is disclosed. *Levy v. Loeb,* 85 N. Y. 365; *Meyer v. Hanchett,* 39 Wis. 419; *Walker v. Osgood,* 98 Mass. 348. An agreement between the agent of one party and another party to pay commission on a sale of his principal's property is void. *Bollman v. Loomis,* 41 Conn. 581. In *Porter v. Woodruff,* 36 N. J. Eq. 174, the court said: "The moment an agent ceases to be the representative solely of his employer, and places himself in a position toward his principal where their interests may conflict, no matter how fair his conduct may be in the particular transaction, he ceases to be that which his service requires and his duty to his principal demands. In such cases the courts do not stop to inquire whether the agent has obtained an advantage, or whether his conduct is fraudulent or not, but, if the fact is established that he has attempted to assume two distinct and opposite characters in the same transaction, the courts will not speculate concerning the merits of the transaction, but at once pronounce it void as against public policy."

We are satisfied that the plaintiff, or its manager, Stevens, was acting as agent for Russell & Company in negotiating this sale, and that the note in suit, if not

fraudulently obtained from the defendants, is voidable as representing an agreement by the purchaser to pay a commission upon a sale made by the plaintiff as agent of Russell & Company from whom certificates for the payment of a commission were also accepted. The evidence may well support a finding that the note was fraudulently obtained. If the testimony of the defendants is to be accepted, there was no understanding that plaintiff was to be paid by the defendants for securing for them this threshing outfit. When defendants were called to Stevens' office to "sign up," as they term it, the papers were all made out, and their signature was obtained on the understanding, on their part, that they were signing only the notes and mortgage representing the purchase price of the thresher. Nothing was said or heard of this until the last day of grace, when it was sued.

We recommend an affirmance of the judgment.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.