RICHARDS, Respondent, vs. MILLARD, Appellant.

*March 16—October 3, 1911.*

*Vendor and purchaser of land: Fraud: Representations as to quantity.*

Although the vendor of a tract of land orally represented that it contained 160 acres, when in fact it contained only about 153 acres, and the purchaser, buying at a certain price per acre, paid for 160 acres, yet where the written contract of sale and the subsequent deed and mortgage described the land as containing "about 160 acres, more or less," and the shortage was in the government subdivisions, no fraud is shown entitling the purchaser to a recovery of any part of the sum paid.

APPEAL from a judgment of the county court of Walworth county: JAY F. LYON, Judge. *Reversed.*

The cause was submitted for the appellant on the brief of *Edwin T. Cass,* and for the respondent on that of *J. H. Page.*

To the point that the use by the vendor of the words "about" or "more or less," with reference to the number of acres in the tract sold, will not preclude a recovery by the purchaser for fraudulent representations as to the quantity of land where there is a large discrepancy between the actual and

represented number of acres, counsel for respondent cited *Boddy v. Henry,* 126 Iowa, 31, 101 N. W. 447; *Paine v. Upton,* 87 N. Y. 327; *Wilson v. Randall,* 67 N. Y. 338; *Belknap v. Sealey,* 14 N. Y. 143; *Tarbell v. Bowman,* 103 Mass. 341.

The following opinion was filed May 2, 1911:

TIMLIN, J. The complaint in this action avers that in negotiations for the purchase of a farm by the plaintiff from the defendant, with intent to deceive and defraud the plaintiff the defendant falsely and fraudulently represented that the farm contained 160 acres of land, although the defendant well knew that it contained only 152.81 acres. The plaintiff relied upon such representations and was thereby induced to and did purchase said farm and agreed to pay to defendant for the same $76 per acre, which amounted to· $12,160. All of this has been .paid except the sum of $4,485.52, which is not due, and which is evidenced by a note and mortgage given by the plaintiff to the defendant to secure to the latter the purchase money for said farm. This note and mortgage is still held and owned by the defendant. In truth the farm did not contain 160 acres of land but only 152.81 acres, and for that reason was worth only $11,613.50 instead of the sum of $12,160. Plaintiff did not discover the fraud until July, 1907.

"Whereby the plaintiff has sustained damages to the amount of $546.44 and the interest on that sum from March 1, 1901, at the rate of five per cent. per annum, amounting to the sum of $176.99, and in all the plaintiff has sustained damages to the amount of $723.43, which last sum the plaintiff asks that the defendant be required, by the order and judgment of this court, to indorse on the said note and mortgage now held by him for the balance of said purchase money of said farm. . . . Wherefore the plaintiff demands judgment against the defendant for the sum of $723.43, and

that the said sum recovered for damages in this action be, by the order and judgment of this court, indorsed upon the note and mortgage given by the plaintiff and held by the defendant."

The answer averred the six-years statute of limitations in bar of the action, and further averred that the plaintiff has a perfect and adequate remedy at law, and admitted that defendant is the holder of the note and mortgage mentioned, and then denied generally every allegation of the complaint not admitted. Judgment was rendered for the plaintiff that the note "be and the same hereby is indorsed down to the amount of $546.44, it being that amount too much at the time it was given, so as to have it correspond with the actual transaction between the parties to this action," and second, that the same note be also "indorsed down in the sum of $176.99, said indorsement to bear date of the first day of March, 1907," that being the interest on the $546.44 above mentioned.

The appellant contends that there is in any event no sufficient evidence to support the charge of fraud made in the complaint, and he points out that the deed of conveyance of the farm in question describes "the following pieces or parcels of land situated on section eleven (11), in the town, county, and state aforesaid, and described as follows, to wit: the north half ($\frac{1}{2}$) of the southeast quarter ($\frac{1}{4}$) (excepting therefrom the right of way to one rod in width along the east side thereof). Also the southwest quarter ($\frac{1}{4}$) of the northeast quarter ($\frac{1}{4}$); also the northeast quarter ($\frac{1}{4}$) of the southwest quarter ($\frac{1}{4}$) (excepting about three acres now cut off and lying south of the highway on the southwest corner); also all that part of the southeast quarter ($\frac{1}{4}$) of the southwest quarter ($\frac{1}{4}$) now lying north of the highway, say about four (4) acres, the whole containing about one hundred and sixty acres of land, more or less." This deed was executed on

March 1, 1901, and was preceded by a land contract dated February 21, 1901, in which there was a like description copied from an old deed of the same land executed in the year 1865. The mortgage executed by the plaintiff to secure part of the purchase money on this land contained the like description, and this description is substantially suggested several times in the abstract which was delivered to the plaintiff at the time of the purchase. There is therefore documentary evidence that it was represented in writing by the defendant to the plaintiff that this tract consisted of "about one hundred and sixty acres of land, more or less." The plaintiff, however, testifies that it was orally represented by the defendant during the negotiations that the tract as above described contained 160 acres of land. A survey produced and offered in evidence showed that the shortage is in the government subdivisions. The plaintiff and another witness testified that plaintiff purchased the land at $76 per acre and that the defendant represented that the land contained 160 acres, while the testimony of the defendant is to the effect that the land was not sold by the acre, but the whole tract for the sum of $12,160. Accepting the testimony of the plaintiff and his corroborating witness as true, it follows that if the tract purchased was orally represented to contain 160 acres it was also represented in writing to contain "about one hundred and sixty acres, more or less." Why the plaintiff could disregard the written and rely upon the oral representations of quantity is not very apparent.

The general rule is that fraud must be proven by evidence clear and convincing. To this is sometimes added, "beyond reasonable controversy." *Steffen v. Supreme Assembly,* 130 Wis. 485, 110 N. W. 401. This oral statement that the tract purchased contained 160 acres is inconsistent with the written statement that the same tract contained about 160 acres, more or less. *Butt v. Smith,* 121 Wis. 566, 99 N. W. 328.

We assume that both representations were made. Under
such circumstances we think the charge of fraud is not sup-
ported by evidence.

Other questions are presented in the argument, but as this
disposes of the whole case it will not be necessary to consider
them.

*By the Court.*—Judgment reversed, and the cause remanded
with directions to dismiss the complaint.

A motion for a rehearing was denied October 3, 1911.