WOTESHEK, Respondent, vs. NEUMAN, Appellant.

*November 21—December 10, 1912.*

*Fraud: Exchange of lands: False representations as to taxes: Duty to make inquiry: Notice to agent: Collusion: Pleading: Evidence: Special verdict: Discretion.*

1. A complaint alleging that plaintiff and defendant made an agreement for exchange of lands, whereby plaintiff was to assume and pay the taxes on certain lots which defendant was to convey to him; that as an inducement for the exchange defendant represented that such taxes would not exceed $200, although, as he knew or had reason to know, they amounted to $458.83; that in reliance upon such representations plaintiff entered into the agreement, and by reason thereof sustained damage in the sum of $266.83, states a good cause of action.

2. It is not necessary in all cases of fraud that the deception should have been by means of any trick or artifice. A mere falsehood relative to a material fact is often sufficient.

3. Although plaintiff's testimony in this case, corroborated by another witness, that defendant made the false representations alleged was contradicted by defendant and some members of his family who heard at least a part of the conversation, this court cannot say that a verdict for the plaintiff was not supported by such clear and convincing evidence as the law requires in proof of fraud.

4. There being nothing suspicious or improbable in defendant's statement that the taxes would not exceed $200, plaintiff had a right to rely thereon and was not bound to examine the city records to ascertain the truth.

5. Where a third person acts in collusion with an agent to defraud his principal, the latter is not chargeable with notice of information which the agent receives in the course of and relative to such collusive transaction; and this rule is especially

applicable where the agent is requested not to communicate such knowledge to his principal.

6. In an action based on alleged false statements by defendant as to the amount of the taxes on his lots, whereby plaintiff was induced to make an exchange and to assume payment of such taxes, evidence as to the relative value of the properties exchanged was admissible.

7. In actions for fraud great latitude in the introduction of evidence is allowed.

8. It is not an abuse of discretion, under sec. 2858, Stats. (Supp. 1906: Laws of 1903, ch. 390, sec. 1)., to deny a request, made at the close of the testimony, for submission of a special verdict, when there is but a single issue, which can be clearly defined and succinctly placed before the jury in the form of a general verdict.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

Action to recover damages for false representations made in a transaction resulting in the exchange of certain real estate between plaintiff and defendant. The complaint alleges, in substance, that on the 29th of December, 1910, the defendant and plaintiff entered into an agreement whereby the former, in exchange for certain lands, agreed to transfer to the latter certain lots situated in the city of Milwaukee; that the plaintiff agreed to assume and pay the taxes on said lots, both general and special, for the year 1910; that the defendant, as an inducement for the exchange of properties, represented, stated, and warranted to the plaintiff that the only special taxes levied against said lots were such as were levied for the grading and macadamizing of Burleigh street, which adjoins them, and that in no event would said assessment exceed the sum of $200; that, relying upon such statements and representations made by the defendant in regard to such taxes, the plaintiff entered into an agreement for the exchange and transfer of the properties. The complaint further alleges that the special tax levied against said lots for the grading and macadamizing of Burleigh street was not the only special

tax levied against them as was stated and represented by said defendant, but, on the contrary, there were special taxes levied against them for the improvement of Twenty-eighth street, which fact the defendant well knew or had reason to know, of which the plaintiff was ignorant, and which fact the defendant fraudulently concealed from the plaintiff; that the taxes on said lots were not less than $200, as represented by the defendant, but on the contrary were $458.83, which fact defendant well knew or had reason to know, and of which said plaintiff was ignorant, and which fact the defendant fraudulently concealed from the plaintiff; that as the result of plaintiff's relying upon the statements and representations of defendant and as a result of defendant's fraudulent concealment of facts which induced plaintiff to enter into the trade, the plaintiff has suffered a loss of $266.83 damages and costs.

The answer of the defendant admitted the ownership of the property mentioned in the complaint, the making of the agreement, and the assumption of the general and special taxes by the plaintiff for the year 1910, but denied the allegations as to fraud.    Before the taking of any testimony the defendant objected to the admission of any evidence under the complaint, for the reason that it did not state facts sufficient to constitute a cause of action, which objection was overruled. The cause was submitted to a jury upon a general verdict, and they found for plaintiff in the sum of $258.83.    The court ordered judgment for plaintiff for said amount.

The case was tried originally in the civil court of Milwaukee county.    Upon an appeal by the defendant from such judgment to the circuit court for Milwaukee county the judgment of the civil court was affirmed, and the defendant appealed from such judgment of affirmance.

For the appellant there was a brief by *Friedrich, Teall & Hackbarth,* and oral argument by *Otto H. Hackbarth.*

For the respondent there was a brief by *W. B. Rubin,* attorney, and *Max Schoetz, Jr.,* of counsel, and oral argument by *Mr. Schoetz.*

VINJE, J.   In support of the demurrer *ore tenus* counsel for defendant argue that the complaint is insufficient because it does not allege all the essential facts and elements necessary in cases of fraud; that though the complaint alleges representations were made to the plaintiff, that the defendant fraudulently concealed the amount of special taxes, and that plaintiff relied upon the representations made, yet it does not allege that such representations or statements were false or untrue.   They further argue that the complaint does not specify the means or method by which the defendant made the alleged representations or concealed the facts from plaintiff, nor does it allege that plaintiff was unable by the use of due diligence to obtain knowledge of the facts, nor that the defendant, by the use of any trick or artifice, prevented him from obtaining such knowledge or information; and in support of their position they cite *Kewaunee Co. v. Decker,* 30 Wis. 624; *Riley v. Riley,* 34 Wis. 372; *Landauer v. Vietor,* 69 Wis. 434, 439, 34 N. W. 229; *New Bank v. Kleiner,* 112 Wis. 287, 87 N. W. 1090.   An examination of those cases will at once disclose that the allegations therein with reference to what constituted the false and fraudulent representations were materially different from those in the case at bar. Here the complaint alleges that the defendant knew, or had reason to know, that the taxes on his lots amounted to $458.83, and yet he represented to plaintiff that they would not exceed $200; that plaintiff relied upon such statements, and by reason thereof sustained damage in the sum of $266.83. Such allegations sufficiently charge misrepresentation, falsity, scienter, deception, and damage.   When it is charged that a person knows or ought to know what the fact is, and that he makes representations contrary to such fact, there is a suffi-

cient allegation of false representations and of knowledge on his part that they are false, and when it is alleged that the party to whom they are made relies upon them and by reason thereof sustains damage, deception and damage are sufficiently averred. It is not necessary in all cases of fraud that the deception should have been by means of any trick or artifice. A plain, unvarnished falsehood relative to a material fact is often sufficient. The complaint states a good cause of action. It alleges that the defendant made representations relative to a material fact which were not true, and which were or ought to have been known by the defendant at the time they were made to be untrue; that the plaintiff was ignorant of their falsity and believed them to be true, and that, acting in reliance thereon, he was damaged. Such allegations sustain an action for fraud. *Helberg v. Hosmer,* 143 Wis. 620, 128 N. W. 439.

The claim is made that a motion for nonsuit should have been granted on the ground that the fraud was not proven by clear and convincing testimony, as the law requires. *Denoyer v. First Nat. Acc. Co.* 145 Wis. 450, 130 N. W. 475; *Richards v. Millard,* 146 Wis. 552, 131 N. W. 365. A careful perusal of the evidence shows that there is a direct conflict as to whether or not the defendant made the representations claimed by the plaintiff to have been made. Plaintiff's testimony is to the effect that the defendant specifically made such representations. In this he is supported by another witness. The defendant and some members of his family who were present and heard at least a part of the conversation deny that the representations were made. The jury found for the plaintiff, and we cannot say, upon such state of the evidence, that they were not convinced of the truth of their finding by clear and satisfactory testimony.

Defendant presumed to know that the taxes on his lots would not exceed $200, and plaintiff had a right to rely upon his positive statement to that effect. No duty devolved upon

him to examine the city records on the subject in view of the
assertions made relative thereto by the defendant. There
was nothing suspicious or improbable about the fact that the
taxes would not exceed $200, and defendant cannot now be
heard to say that the plaintiff should not have believed him
when he made the statement. *Jacobsen v. Whitely,* 138 Wis.
434, 120 N. W. 285; *Hall v. Bank of Baldwin,* 143 Wis. 303,
127 N. W. 969.

There is evidence tending to show that one Herman Guettel
acted as agent for both parties in the exchange of the proper-
ties and that the defendant stated to him the amount of the
taxes on his lots, but requested him not to disclose the fact to
the plaintiff, for the reason that if he did the deal would not
be consummated. It is now claimed that notice to Guettel of
the amount of taxes was notice to his principal, the plaintiff.
But it cannot be successfully maintained that Guettel was
plaintiff's agent so far as such information was concerned.
If the testimony be true, then plaintiff's agent and defendant
entered into a conspiracy to defraud plaintiff, and the rule is
well settled that where a third person acts in collusion with
an agent to defraud his principal, the latter will not be
chargeable with notice of any information which the agent
receives in the course of, and relative to, such collusive trans-
action, and it applies especially where the agent is requested
not to communicate such knowledge to his principal. *Cole
v. Getzinger,* 96 Wis. 559, 71 N. W. 75; 31 Cyc. 1596.

The court received testimony as to the value of the prop-
erties exchanged. It is claimed this was error. The testi-
mony was introduced for the purpose of showing that plaint-
iff's contention that he assumed not to exceed $200 of taxes
was correct. The relative value of the two properties would
bear upon the question of the probability of such trade having
been made as claimed by the defendant. 20 Cyc. 145. It is
elementary that evidence of any fact relevant to any fact in
issue is admissible. Moreover, in actions for fraud great lati-

tude in the introduction of evidence is allowed.   *Kalk v. Fielding,* 50 Wis. 339, 344, 7 N. W. 296.

At the close of the testimony the defendant requested the submission of a special verdict.   This the court refused, and it is claimed that such refusal was an abuse of discretion. Sec. 2858, Stats. (Supp. 1906: Laws of 1903, ch. 390, sec. 1), provides: "The court, in its discretion, may, and when either party, before the introduction of any testimony in his behalf, shall so request, the court shall direct the jury to find a special verdict." The request for a special verdict not having been made until the evidence was all in, the defendant was not entitled to it as a matter of right.   In a case of this kind, where the only issue made by the testimony was as to whether or not the defendant had falsely represented to plaintiff that the taxes on his lots would not exceed $200, there was no abuse of discretion in refusing to submit a special verdict.   The issue could be as clearly defined and as succinctly placed before the jury in the form of a general verdict as in the form of a special verdict.

Other errors relied upon to reverse the judgment are not deemed of sufficient importance to merit separate treatment.

*By the Court.*—Judgment affirmed.