Brown, Appellant, vs. Ocean Accident and Guarantee Corporation, Respondent.

*March 13—April 8, 1913.*

*Deceit: False representations: Facts or opinions? Master and servant: Injuries: Right of action: Release induced by insurer's statement as to extent of injuries: Subsequent insolvency of master: Pleading: Sufficiency of complaint.*

1. A complaint alleging in substance that plaintiff was injured while in the employ of a concrete company through its negligence and that it was liable to him for such injury; that the defendant had insured said concrete company against claims for such injuries; that immediately after the accident defendant, through physicians and others, took charge of plaintiff, sent him to a hospital, and attempted to cure him; that while plaintiff was under the control of the defendant, its agents and servants, defendant through its agents and servants falsely and

fraudulently represented that plaintiff would be on his feet and ready and able to go to work in five months after the time of the injury, that the injuries were not permanent and would not permanently disable him, and that if plaintiff would sign a release of the concrete company and accept a certain sum defendant would in addition pay all expenses, hospital and doctors' bills until plaintiff was recovered; that relying upon said representations plaintiff signed the release; that said representations were false; that the injuries caused plaintiff to be permanently disabled; and that since signing the release plaintiff has lost his rights against the concrete company by reason of its becoming insolvent,—is *held* on demurrer to state a cause of action.

2. It is a legitimate inference from these allegations that the misrepresentations as to the extent of plaintiff's injuries were made on the authority of the physicians in charge having special knowledge and capable of making accurate statements on that subject, and they must therefore be regarded as representations of existing facts, upon which plaintiff had a right to rely.

3. The gravamen of the cause of action being deceit, it was unnecessary for plaintiff in his complaint either to affirm or disaffirm the settlement which was induced by the fraud of defendant. He might retain the money received and proceed to recover damages for the fraud.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Reversed.*

This is an appeal from an order sustaining a demurrer to the complaint. The following is the complaint:

"(Title.)

"For a cause of action against the defendant, plaintiff alleges and shows unto the court as follows:

"First. That he now is and was at all the times herein mentioned a resident and inhabitant of the city and county of Milwaukee, state of Wisconsin, and is a married man about thirty-six years of age.

"Second. That the defendant now is and was at all the times herein mentioned a foreign corporation organized and existing under and by virtue of the laws of Great Britain, and engaged in the business at all such times, in the state of Wisconsin, among other things, of insuring employers against

claims made by injured employees, and carrying on what is commonly called employers' liability casualty business.

"Third. That heretofore and on or about the 29th day of September, A. D. 1911, and for a short time thereafter; your plaintiff was in the employ of the Great Northern Concrete Company, a corporation organized and existing under and by virtue of the laws of the state of Wisconsin, and engaged in the business of erecting and constructing buildings, and that as such employee your plaintiff, on the said last named day, was working for the said Great Northern Concrete Company at a building then being erected by it at the northwest corner of Mason street and Broadway in the city of Milwaukee, Wisconsin, and on such day was working on the seventh story of said building, and that while engaged in the duties of his said employment with the said Great Northern Concrete Company, your plaintiff, on said date, by reason of the negligence of said concrete company, was precipitated from the seventh floor of said building to the ground and had his body injured in the manner hereinafter more particularly described. That, as your plaintiff is informed and verily believes, the said concrete company was liable to your plaintiff for the injuries so received because of the negligence of said concrete company, and that at the time your plaintiff received such injuries the said defendant herein had issued to the said concrete company its insurance policy, wherein and whereby, for consideration therein expressed, the said defendant herein had insured and agreed to indemnify and save harmless the said concrete company from the claims of your plaintiff for the injuries so received, and that immediately after the said injuries to your plaintiff the said defendant insurance company took charge of your plaintiff and had your plaintiff sent to the Columbia Hospital, a hospital in Milwaukee county, Wisconsin, for treatment, and employed physicians and others to take charge of your plaintiff and attempted to cure him.

"That a short time after your plaintiff was so injured, and while your plaintiff was in the hospital and under the control of your defendant herein, its agents and servants, the said defendant, through its agents and servants, in or about the month of November, A. D. 1911, at the city and county of Milwaukee, Wisconsin, falsely and fraudulently represented that your plaintiff would be on his feet and ready and able to go to work in five months after the time of such injury,

and that the injuries received by your plaintiff were not permanent and would not permanently disable your plaintiff from doing physical labor, and falsely and fraudulently represented that the said insurance company would, if your plaintiff would sign a release and accept $350, also pay all expenses, doctors' bills and hospital bills necessary for your plaintiff to incur until your plaintiff was fully recovered from said injuries, and that, relying upon said false and fraudulent representations and believing the same to be true, your plaintiff did in the said month of November, 1911, sign some paper, the effect of which is, as your plaintiff is informed and verily believes, to release the said concrete company from any and all liability for the injuries your plaintiff received, as aforesaid, in consideration of $350 then paid by the said defendant insurance company to your plaintiff.

"Plaintiff further alleges that each and every of said representations so made by the said defendant, its agents and servants, were false, fraudulent, and untrue, as the said defendant insurance company at the said time well knew, and that the injuries received by your plaintiff are such that your plaintiff will lose one or more of his legs, and that your plaintiff is permanently disabled from performing physical labor and will be permanently disabled from performing physical labor for the rest of his life, and that the said insurance company did not, as so represented, pay the doctors' bills and expenses hereinbefore referred to. That, as your plaintiff is informed and verily believes, since the time of signing such release the said concrete company has become and is insolvent and your plaintiff has lost his rights against the said concrete company by reason and in consequence of the false and fraudulent representations made by the defendant herein; all to your plaintiff's damage in the sum of fifteen thousand dollars ($15,000).

"Wherefore plaintiff prays judgment against the said defendant insurance company for the sum of fifteen thousand dollars ($15,000), together with the costs and disbursements herein."

The defendant demurred to the complaint for want of facts sufficient to constitute a cause of action.

For the appellant there was a brief by *Glicksman, Gold & Corrigan,* and oral argument by *W. L. Gold.*

For the respondent there was a brief by *Aarons & Niven,* and oral argument by *C. L. Aarons.*

KERWIN, J. The court below sustained the demurrer upon the ground that the representations are not actionable, because they relate, first, to what would occur in the future; and second, as to what defendant would do in the future, and that neither of the representations relates to a present or past state of facts; that the representations were nothing more than the expression of opinion as to what the future physical condition of the plaintiff would be. The following cases are relied upon by the court below: *Patterson v. Wright,* 64 Wis. 289, 25 N. W. 10; *Morrison v. Koch,* 32 Wis. 254; *Sheldon v. Davidson,* 85 Wis. 138, 55 N. W. 161; and *Warner v. Benjamin,* 89 Wis. 290, 62 N. W. 179. These cases are quite close to the border line between statements which amount to representations of existing facts and mere matter of opinion; but we do not think they are decisive of the instant case. The complaint in the present case charges that immediately after the injuries the defendant took charge of plaintiff, sent him to a hospital for treatment and employed physicians and others to take charge of him, and attempted to cure him; that while plaintiff was under the control of defendant, its agents and servants, defendant "through its agents and servants" falsely and fraudulently represented that plaintiff would be on his feet and ready and able to go to work in five months after the time of injury, and that the injuries were not permanent and would not permanently disable plaintiff, etc. The complaint is fully set out in the statement of facts, therefore we refer only to the substance of the allegations under consideration. In view of the allegations that defendant took charge of plaintiff, put him in charge of physicians and undertook to cure him, together with the allegation that the representations were made through the defendant, its agents and servants, a legitimate inference from the allega-

tions is that the representations respecting the extent of
plaintiff's injuries were made on the statements or by au-
thority of the physicians in charge, and therefore must be re-
garded as representations of existing facts, coming from per-
sons supposed to have special knowledge on the subject, and
capable of stating accurately the extent of plaintiff's injuries.
It is therefore apparent that defendant knew or ought to have
known through its agents and servants the extent of plaintiff's
injuries, and the plaintiff had a right to rely upon such state-
ments as coming from persons with knowledge.　We think
the complaint states a cause of action under the decisions of
this court.　*Woteshek v. Neumann,* 151 Wis. 365, 138 N. W.
1000; *Krause v. Busacker,* 105 Wis. 350, 81 N. W. 406;
*Schiefelbein v. Fidelity & C. Co.* 139 Wis. 612, 120 N. W.
398; *J. H. Clark Co. v. Rice,* 127 Wis. 451, 106 N. W. 231;
*Warner v. Benjamin,* 89 Wis. 290, 62 N. W. 179.

The gravamen of the cause of action here is deceit; it is
therefore unnecessary for the plaintiff in his complaint either
to affirm or disaffirm the settlement which was induced by the
fraud of the defendant.　The questions discussed by respond-
ent, therefore, under these heads need not be considered.
True, plaintiff must allege that he had a cause of action and
that by the fraudulent representations of defendant, which
he relied upon, he was induced to release it and thereby sus-
tained damage.　This the plaintiff has done, and therefore
under the authorities heretofore cited the complaint states a
cause of action.

The plaintiff was not obliged to rescind the release or agree-
ment obtained by fraud and prosecute the original claim
against the Great Northern Concrete Company, but might
retain the money received and proceed to recover damages for
the fraud.　*Gould v. Cayuga Co. Nat. Bank,* 99 N. Y. 333, 2
N. E. 16.　It is true that in such action the plaintiff must not
only prove the fraudulent representations and his reliance
thereon, but also that he sustained damages thereby.　Pecun-

iary loss to the deceived party is, of course, essential to the maintenance of the action. *Urtz v. N. Y. C. & H. R. R. Co.* 202 N. Y. 170, 95 N. E. 711. It is claimed on the part of counsel for respondent, however, that the allegations of the complaint as to the cause of action against the concrete company are not sufficient. It is true they are very meager, and whether the complaint is open to a motion to make more definite and certain on that point we need not consider, because we think it is sufficient in the present action where all facts alleged and legitimate inferences therefrom are admitted on demurrer. *Schiefelbein v. Fidelity & C. Co.* 139 Wis. 612, 120 N. W. 398; *Curran v. A. H. Stange Co.* 98 Wis. 598, 74 N. W. 377.

It is further argued that the alleged fraud was not the proximate cause of the plaintiff's injury, but that the insolvency of said Great Northern Concrete Company was the proximate cause of such injury. This does not follow from the allegations of the complaint admitted on demurrer. There is nothing in the complaint which necessarily shows that the insolvency of the Great Northern Concrete Company prevented the recovery of damages by the plaintiff, had no settlement been induced by the fraud of the defendant. It appears from the allegations of the complaint that the insolvency occurred after the signing of the release; how long after does not appear.

We think the court below erred in sustaining the demurrer.

*By the Court.*—The order appealed from is reversed, and the cause remanded for further proceedings according to law.

BARNES, J., dissents.