WESTRA, Respondent, vs. ROBERTS and another, Appellants.

*February 5—February 24, 1914.*

*Vendor and purchaser of land: False representations as to quantity of plow land: Evidence: Special verdict: Instructions to jury: Damages.*

1. A finding by the jury to the effect that plaintiff could not by the exercise of ordinary observation have known, when he purchased a farm of 120 acres, that there were but sixty-six acres under plow, instead of eighty acres as represented by defendants, is *held* to be sustained by evidence showing, among other things, that plaintiff and defendants spent several hours walking over the farm, but that a marsh divided it into two parts with cultivated land on each side, and that plaintiff, a Hollander, had less familiarity than the average man with our unit of land measure.

2. Such representation as to the quantity of land under plow related to a fact materially affecting the value of the farm, and it having been made under such .circumstances that plaintiff was justified in relying thereon, and he having purchased the farm in reliance thereon and thereby suffered damage, he is entitled to recover.

3. Where questions were submitted in answer to which the jury found that for the purpose of inducing plaintiff to purchase a farm defendants made false representations as to the quantity of land under plow, that he believed such representations and relied upon them in making the purchase, and that he did not know their falsity and could not by ordinary observation have known thereof, there was no error in refusing to submit other questions as to whether plaintiff exercised "due diligence as an ordinary prudent man would to ascertain whether the representations were true or not," and whether he had "ample opportunity to ascertain whether the representations were true or untrue before the closing of the sale."

4. In the question "Did the plaintiff, when he purchased said farm, actually know how many acres were under plow?" and in an instruction relative thereto, the trial court did not by the use of the word "actually" require the jury to find that plaintiff knew the *exact* quantity of plowable land before they could answer the question in the affirmative.

5. The instructions in this case relative to the question of damages are *held* clearly to have limited the jury to the damage sustained by reason of the false representations as to the number of acres under plow, and none other.

APPEAL from a judgment of the circuit court for Dodge county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

Action to recover damages sustained in the purchase of a farm by reason of false and fraudulent representations claimed to have been made by the defendants as to the quantity of plowable land contained therein. It appears from the testimony that the defendants had an option on the farm in question, which contained 120 acres. On the 29th day of March, 1911, the plaintiff, in company with the defendants and one Alderden, who acted as interpreter for the plaintiff, examined the farm for several hours, and while such examination was being made the plaintiff, through his interpreter, asked how many acres there were under the plow, to which question, he claims, *Charles Roberts,* one of the defendants, answered, eighty acres. The defendants denied making the representation that there were eighty acres of arable land. Plaintiff bought the farm on the evening of the day he examined it, and had never been on it prior thereto.

The issues presented by the evidence were submitted to a jury, which found: (1) that defendants represented to plaintiff that there were eighty acres of the farm in question under plow; (2) that such representation was made for the purpose of inducing the plaintiff to purchase the farm; (3) that plaintiff believed such representation to be true; (4) that plaintiff in purchasing the farm relied upon such representation as true; (5) that such representation was untrue; (6) that plaintiff did not actually know how many acres were under plow; (7) that by the exercise of ordinary observation he could not have known when he purchased the farm the actual number of acres that were under plow; and (8) that he sustained damages in the sum of $550. From a judgment in favor of the plaintiff entered upon the verdict the defendants appealed.

For the appellants there was a brief by *Royal F. Clark* and *J. E. Malone,* attorneys, and *W. S. Stroud,* of counsel, and oral argument by *Mr. Clark* and *Mr. Stroud.*

For the respondent there was a brief by *North & Crowns,* attorneys, and *Burke & Lueck,* of counsel, and oral argument by *H. A. Crowns* and *R. W. Lueck.*

VINJE, J.    The defendants' claim upon the merits is that, since plaintiff viewed the land and had an opportunity to examine it and determine for himself how many acres there were under the plow, representations made relative thereto by the defendants could not be made the basis of an action for damages, but would come within the rule that representations as to a fact easily ascertainable by the purchaser by the exercise of ordinary vigilance are not actionable.    The jury found against them upon the proposition that plaintiff could by the exercise of ordinary observation ascertain the number of acres of arable land.    Does the evidence sustain such a finding?    Plaintiff and defendants spent several hours in walking over the 120 acres and examining them.    The evidence as to the location and shape of the arable land is very meager and unsatisfactory.    It appears, however, that a marsh divided the land into two pieces, and that there was cultivated land on both sides of it.    Defendants represented there were eighty acres under the plow.    The evidence showed there were only about sixty-six, or about fourteen acres less than represented.    If the arable land had been in one piece of a rectangular shape, say 80 or 160 rods long, it might well be said, perhaps, that a person could by ordinary observation discover a shortage of fourteen acres.    But when the plowable land consists of two or more pieces of presumably irregular shapes, it cannot be said that a finding of a jury that a shortage of fourteen acres could not have been discovered by plaintiff by ordinary observation is not supported by the evidence.    The jury's finding is further supported by the fact that plaintiff was a native of Holland who had lived in Indiana four years, then gone back to Holland and remained for twelve years, and had again recently come

from that country.   It is fair to assume that his ability to ascertain the area of land in acres was not equal to that of an average man of his age, on account of his lesser familiarity with our unit of land measure.

The representations made clearly related to facts which materially affected the value of the farm.   And the unequivocal statement as to the number of acres under plow was well calculated to set at rest plaintiff's desire to ascertain that fact. When false representations as to material facts are made under such circumstances that the purchaser is justified in relying thereon, and he does so and sustains damage, the cause of action is complete.   *Davis v. Nuzum,* 72 Wis. 439, 40 N. .W. 497; *Castenholz v. Heller,* 82 Wis. 30, 51 N. W. 432; *Porter v. Beattie,* 88 Wis. 22, 26, 59 N. W. 499—as to true boundary lines or quantity; *Tyner v. Cotter,* 67 Wis. 482, 30 N. W. 782—as to title to real estate; *Miller v. Hackbarth,* 126 .Wis. 50, 105 N. W. 311—as to title to personal property; *Woteshek v. Neuman,* 151 Wis. 365, 138 N. .W. 1000— as to amount of taxes due on certain city lots.

Error is alleged because the court refused to include in the special verdict the following questions submitted by the defendants:

"(1) Did the plaintiff exercise due diligence as an ordinary prudent man would to ascertain whether the representations were true or not?

"(2) Did the plaintiff have ample opportunity to ascertain whether the representations were true or untrue before the closing of the sale?"

They claim that the answers to these questions would have determined the fact as to whether or not the plaintiff had a right to rely upon the representations made to him as to the quantity of arable land.   The jury found that false representations as to quantity of land under plow were made to him by the defendants for the purpose of inducing him to purchase, that he believed them and relied upon them, that

he did not know their falsity and by ordinary observation could not have known thereof. These findings necessarily include the finding of the fact that he had a right to rely upon the representations made to him, and it was not error, therefore, to refuse the questions submitted by the defendants.

Exception is also taken to the use of the word "actually" in the question "Did the plaintiff, when he purchased said farm, actually know how many acres were under plow ?" and also to the use of the word in the instruction relative thereto, where the court said: "By your answer to this question you are to determine whether the plaintiff, when he purchased the farm in question, actually had in mind the number of acres of land that were under plow." It is urged that under this question and the instructions relative thereto the court required the jury to find that plaintiff knew the *exact* quantity of plowable land before they could answer the question in the affirmative. We do not think the jury so understood the question or the instruction. The real issue made by the evidence was whether plaintiff was in fact misled to his disadvantage by the representations made as to the amount of land under plow. In other words, whether he knew, or by the exercise of ordinary observation could have known, that there were not as many acres under the plow as defendants said there were.

The claim that under the question relating to damages the jury were allowed to pass not only on the representations as to the number of acres, but as to all representations made by the defendants during the negotiations for the sale of the farm, is clearly not supported by the record. In the instructions relative to this question the jury was clearly limited to the damage sustained by reason of the false representations as to the number of acres under plow, and none other. The court said:

"You will determine the fair market value of the farm as it actually was when the sale was made and then determine

what the fair market value of the farm would have been had the farm contained the number of acres under plow represented by the defendants; then subtract the one sum from the other and the difference will be your answer to this question."

It is clear that under this instruction the jury were strictly limited to the difference in market value between the farm as it was and as it would have been had it contained the number of acres under plow as represented by the defendants, and that the jury was not permitted to, and did not, take into consideration any statement as to the character of the soil, or the expression of any opinion relative to the value of the farm which may have been made by the defendants during the negotiations leading up to the sale thereof. Since the correct measure of damages was submitted to the jury under proper instructions limiting them to representations made as to the quantity of arable land, and since there is ample competent evidence, within the rule laid down by the court, to sustain the damages found, other alleged errors as to the reception of evidence claimed to bear upon the question of damages, but not within the rule stated by the court, become nonprejudicial and immaterial.

*By the Court.*—Judgment affirmed.