WINNEK, Appellant, vs. MOORE, Respondent.
SCHWEINLER, Appellant, vs. MOORE, Respondent.

*September 14—October 3, 1916.*

*Actions: Consolidation: Fraud: False representations.*

1. Two actions against the same defendant growing out of alleged fraud in the sale of a contract to the plaintiffs and depending upon substantially the same evidence were properly consolidated by the court, each plaintiff being permitted to introduce any relevant and competent evidence.
2. False representations as to the cost of a contract granting the right to sell certain articles and as to the profits which had been made in the business, made by defendant to induce plaintiffs to buy such contract from him, were material representations of fact and actionable.

APPEALS from judgments of the circuit court for Milwaukee county: E. B. BELDEN, Judge. *Reversed.*

Actions to recover damages for alleged fraudulent representations made in the sale to plaintiffs of a contract granting the right to sell certain washers and other domestic utilities. At the close of the testimony in the case of *Winnek* the two actions were by order of court consolidated and *Schweinler* was permitted to introduce such additional evidence as he might desire. When all the evidence was in, the court directed a verdict in each case in favor of the defendant, and the plaintiffs appealed.

For the appellants there was a brief by *Samuel Wright* and *Paul D. Durant,* and oral argument by *Mr. Durant.*

For the respondent there was a brief by *Alexander & Burke,* attorneys, and *William E. Burke,* of counsel, and oral argument by *W. E. Burke.*

VINJE, J.    The court properly consolidated the two actions.    They grew out of the same transactions and depended upon substantially the same evidence.    Each plaintiff was permitted to introduce any relevant and competent testimony bearing upon the issue made by the pleadings.

It appears that the defendant, prior to the sale of the contract to and partnership agreement with the plaintiffs, had been interested with one Guthard and others in the sale of washers and contracts.    Guthard claimed to own a contract and a certain number of washers sold to him by the Domestic Utilities Manufacturing Company, a California corporation, which contract authorized him to sell washers and other domestic utilities at certain prices named in the contract in territory not already taken.    It also authorized him to sell subcontracts to other agents, who were also authorized to sell subcontracts.    In the sale of each contract a certain amount of the profit was to be paid to the owners of the previous contracts and to the Domestic Utilities Manufacturing Company. The contract of Guthard was denominated a $5,000 contract, made out in the name of the Rector Company, and since it was for such a large amount and came directly from the manufacturer it was claimed and represented by the defendant that large profits could be made in selling subcontracts and in sharing the profits therefrom.    For the purposes of disposing of the main questions upon which the decision in this case rests it is not necessary to go into further detail as to the utilities sold or the precise detail conditions of the contracts.

The Guthard contract was in escrow, pledged for certain indebtedness, and plaintiffs both testify that defendant represented to them that it would require $3,000 to get the contract

out of escrow and that it could not be bought for less; that he had an option to purchase it at that price. This is the substance and effect of their testimony. They further testified that the defendant told them that if they would each pay him $1,500, making $3,000 in all—the amount necessary to purchase the contract,—he would put $1,000 of his own money into a bank to the credit of the partnership to be formed by the three parties, to be used in prosecuting the business. There is evidence in the case to sustain a finding that it cost defendant less than $2,000 to purchase the contract; and the evidence shows without conflict that he took $1,000 out of the $3,000 paid him by the plaintiffs and put it into the bank to the credit of the new partnership.

The plaintiffs also testified that defendant told them he had been in business only a little while and had made $1,500 and that the Guthard Company had made $3,800 since establishing their business in Milwaukee. The evidence does not tend to sustain the truth of such statements. Indeed, it is quite clear therefrom that no such profits were made either by defendant or the Guthard Company.

The representations referred to, both as to the cost of the contract and the profits that had been made in the business, were material representations of fact, and if made and untrue were actionable. *Woteshek v. Neuman,* 151 Wis. 365, 138 N. W. 1000; *Baker v. Becker,* 153 Wis. 369, 141 N. W. 304; *Westra v. Roberts,* 156 Wis. 230, 145 N. W. 773; *Rogers v. Rosenfeld,* 158 Wis. 285, 149 N. W. 33. It was therefore error to direct a verdict for the defendant. The court should have submitted the case to the jury under proper instructions. We have not gone into the details of the case or discussed all the representations claimed to be material and false because if there is another trial the court will no doubt properly instruct the jury as to what are actionable misrepresentations. The evidence is so full of rose-colored opin-

ions and predictions on the part of the defendant as to the profits to be made out of the business that it is not surprising that the actual misrepresentations as to facts testified to were overlooked by the trial court in granting the motion for a directed verdict.

*By the Court.*—Judgments reversed, and causes remanded for a new trial.