Sterling Engineering & Construction Company, Respondent, vs. Miller and another, Appellants.

*October 5—October 24, 1916.*

*False representations: Pleading: Joinder of causes of action: Damages: Real-estate brokers: Commissions.*

1. A complaint alleged that plaintiff placed the sale of real estate with certain brokers; that defendant R. brought the other defendant, M., to plaintiff to purchase the property, and they falsely represented that M. alone was interested in the purchase, that none of said brokers had presented the matter of a purchase to them, and that R. was the only person who, as a real-estate agent, had presented the matter to M.; that plaintiff, relying on such representations, sold, and conveyed the property to M. and paid R. a commission of $1,200 for making the sale; that in fact said R. and M. were jointly interested in the purchase and shared the commission, and the truth was that certain of said brokers had previously negotiated with M. to sell him the property; that after the sale to M. plaintiff was sued for commissions by two of such brokers; that defendants, R. and M., refused a tender of the defense of such actions, and were witnesses therein; that in those actions the brokers recovered judgments against plaintiff, which were satisfied by plaintiff; and that plaintiff incurred large expense in defending those actions. Plaintiff sought to recover from R. and M., as a first cause of action, the amounts paid to satisfy said judgments and the expenses incurred; and, as a second cause of

action, the $1,200 paid to R. as a commission. *Held*, on demurrers, that the facts stated constituted a single cause of action for false representations, with several items of damage.

2. The expenses incurred in connection with the defense of the actions brought by the brokers were recoverable, such defense having been warranted by the representations made to plaintiff by R. and M.

3. But the amounts paid to satisfy the judgments in those actions are not recoverable, because it must be assumed that the brokers established therein their rights to commissions, and the representations made by the defendants herein could not have altered those rights.

4. The amount of the commission paid to defendant R. is recoverable, because R., being jointly interested in the purchase, without knowledge of the plaintiff, was not lawfully entitled to any commission.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

The appeal is from an order overruling demurrers to two separate causes of action in plaintiff's amended complaint.

The substance of the complaint is that the plaintiff corporation owned and desired to sell certain real estate in the city of Milwaukee. It placed the sale with certain real-estate dealers prior to December 1, 1911. On that date the defendant *Routt* brought the defendant *Miller* to plaintiff to purchase the property, and during the subsequent negotiations the following representations are charged to have been made by the defendants: (1) that the defendant *Miller* was alone interested in the proposed purchase; (2) that none of the other real-estate dealers to whom plaintiff had intrusted the sale and who were then specifically named to defendants had presented the matter of a purchase of the property to defendants, or in any way acted as agents therefor; (3) that defendant *Routt* was the only one to present the same to defendant *Miller* as real-estate agent.

It was also recited that plaintiff, believing and relying upon such representations, conveyed the property to defendant *Miller* and paid defendant *Routt* $1,200 as a commission

for making such sale to defendant *Miller;* that the truth was that certain of the aforesaid real-estate agents had negotiated with defendant *Miller* to sell him this property before December 1, 1911, and that defendant *Routt* was jointly interested with defendant *Miller* in the purchase and shared said $1,200 commission with him; that subsequent to the sale to *Miller* plaintiff was sued by two of such real-estate agents for commission, having so negotiated between plaintiff and defendant *Miller;* that the defense of said two actions was tendered by plaintiff to defendants and refused; that defendants were witnesses in such actions; that ultimately judgments were entered against plaintiff in these two actions of $2,147.45 and $4,857.34 respectively, which judgments were satisfied by plaintiff paying $1,500 and $2,000 respectively; that plaintiff in defending said actions was put to large expense for court costs, counsel fees, loss of time and expense of officers and agents of the plaintiff.

In what is denominated the first cause of action the plaintiff seeks to recover what it paid in the two lawsuits, namely, $1,500 and $2,000, also all additional expense and damages in the two actions in connection with the defense thereof, and in the second cause of action is sought to be recovered the $1,200 paid defendant *Routt* as commission; in all $10,000 is demanded. Demurrers were interposed to these two causes of action respectively, and from the order overruling each of such demurrers an appeal is taken to this court.

For the appellants there was a brief by *Rubin, Fawcett & Dutcher,* attorneys, and *Paul R. Newcomb,* of counsel, and oral argument by *Mr. Newcomb.*

*G. J. Davelaar,* for the respondent.

ESCHWEILER, J. From the foregoing statement of the facts relied upon by plaintiff to maintain this lawsuit it is apparent that all could have been stated as one cause of action which resulted in several items of damage.

The allegations of the complaint are sufficient to support an action for false representations. *Woteshek v. Neuman,* 151 Wis. 365, 138 N. W. 1000; *Brown v. Ocean A. & G. Corp.* 153 Wis. 196, 140 N. W. 1112; *Westra v. Roberts,* 156 Wis. 230, 145 N. W. 773; *Rogers v. Rosenfeld,* 158 Wis. 285, 149 N. W. 33; *Winnek v. Moore, ante,* p. 53, 159 N. W. 558.

In the so-called first cause of action there is sought to be recovered not solely the amounts of $1,500 and $2,000 paid by plaintiff in satisfaction of the two judgments obtained against it by the two real-estate firms, but also expenses and damages incurred in connection with the defense of those actions, and as it thereby states a good cause of action for some of the relief demanded, the demurrer to that portion of the complaint must be overruled.

If plaintiff was influenced to enter into litigation with those other agents and defend either one or both of those lawsuits, incurring expense and damage thereby, by reason of the false representations of defendants that *Routt* alone was instrumental in procuring the sale to *Miller,* then for such expense and damage it may recover. Manifestly, if such were the fact, then no one other than *Routt* could lawfully be entitled to a commission for the sale to *Miller,* and plaintiff would have been warranted in defending those lawsuits upon such representations to and belief by it as to the facts.

But as to the amounts of $1,500 and $2,000 paid in settlement of the two suits for commission and sought to be recovered here the situation is different. It was, by the judgments in those two actions, judicially determined that the respective plaintiffs therein were, as real-estate agents, lawfully entitled to such amounts for their services in negotiating with *Miller* on plaintiff's behalf for the sale of the property. It must, under the allegations of the complaint herein, be assumed that in those actions they satisfied the court that they had obtained *Miller* as a purchaser ready, willing,

and pecuniarily able to purchase at a price agreeable to plaintiff. This gave them a right to a commission as against plaintiff. *McCabe v. Jones,* 141 Wis. 540, 124 N. W. 486. The right of such agents accrued prior to the completion of the sale to *Miller* and existed by reason of the several contracts between them and plaintiff. Anything that might have been said or done between plaintiff and defendants herein could not affect the rights of those other agents, and whatever representations, false or true, were made by defendants and relied upon by plaintiff could not have altered the existing rights of those agents as against the plaintiff. The plaintiff cannot now question those judgments nor shift the burden for the amounts thereof upon defendants in this action, and to the extent of the amounts paid to satisfy those judgments, viz. $1,500 and $2,000, it cannot recover in this action.

As to the claim for $1,200 commission paid to the defendant *Routt,* set forth in the second cause of action, the allegations of the complaint show that plaintiff, believing that defendant *Miller* had not been approached by any one else as agent than the defendant *Routt,* and that *Routt* was not interested other than as such agent in such purchase, sold to *Miller* and paid commission to *Routt.* The relationship which it is alleged existed in fact between the defendants made them jointly interested in the purchase, and was such that defendant *Routt* could not be lawfully entitled to a commission for what would be, in effect, negotiating a sale to himself. He cannot occupy the two inconsistent positions of agent for the seller, bound to exercise the utmost good faith towards his principal, and at the same time be a purchaser of the property with his own personal interests first to be subserved. The law refuses to such undisclosed purchaser any right to a commission. *Stewart v. Mather,* 32 Wis. 344, 350; *Tasse v. Kindt,* 125 Wis. 631, 633, 104 N. W. 703.

*By the Court.*—Order affirmed, and the cause remanded for further proceedings in accordance with this opinion.