St. Paul Fire & Marine Insurance Company, Respondent, vs. Laubenstein, Appellant.

*November 9, 1918—February 4, 1919.*

*Principal and agent: Breach of duty by insurance agent: Knowledge as to false statements in application: Cause of action: Special verdict: Changing answers: Findings by court: Trial: Course and conduct: Discretion.*

1. In an action by an insurance company for an alleged breach of duty by an agent, the facts (established by the evidence and verdict) that statements in an application for a policy were false; that they were known to be false by defendant, who transmitted the application to plaintiff; that plaintiff believed such statements to be true and relied thereon in issuing the policy, and was justified in so doing; that the false statements exerted a material influence upon the minds of plaintiff's officers so as to induce it to accept the risk and issue the policy; and that plaintiff sustained damages in consequence thereof—constituted a complete cause of action against the defendant.

2. A negative answer in the special verdict to the question whether the false statements exerted a material influence upon the minds of plaintiff's officers so as to induce it to accept the risk and issue the policy, is *held* upon the evidence to have been properly changed to an affirmative by the trial court. [Whether that finding was immaterial and whether the statements constituted a warranty by the insured, not decided.]

3. It is not error for the trial court to refuse to make a finding upon an issue sufficiently covered by the questions submitted for a special verdict.

4. The order in which witnesses shall be examined and cross-examined, the form of questions, and the manner in which the trial of a case shall be conducted, are matters largely within the discretion of the trial court.

APPEAL from a judgment of the circuit court for Shawano county: EDGAR V. WERNER, Circuit Judge. *Affirmed.*

This action was brought to recover damages growing out of an alleged breach of duty by the defendant as agent of the plaintiff. The breach of duty consisted in causing a policy of insurance to be issued by the plaintiff upon the property of one Anna Huntington upon her application, which defendant knew to be false.

The case was here before and is reported in 162 Wis. 165, 155 N. W. 918. In the former case, after the evidence was in, the court directed a verdict for the defendant, dismissed the complaint, and upon plaintiff's appeal the judgment was reversed, and the cause remanded for retrial. Upon retrial the court submitted the case to the jury on a special verdict consisting of twenty-two questions, among others the following:

"(2) Was the answer to the following question false, to wit: 'How many acres of land do you own? *A.* 41.' *A.* Yes.

"(3) Was the answer to the following question false, to wit: 'What is the cash value of your land alone? *A.* $600–$800 at present.' *A.* Yes."

"(9-B) Did the defendant know that the answer to the following question was false: '*Q.* How many acres of land do you own? *A.* 41.' *A.* Yes.

"(9-C) Did the defendant know that the answer to the following question was false: '*Q.* What is the cash value of your land alone? *A.* $600–$800 at present.' *A.* Yes.

"(18) Did the plaintiff or any of its authorized officers, authorized to accept said insurance, believe said answers and information and rely upon said answers and information in accepting and issuing said insurance policy? *A.* Yes.

"(19) Did the answers to said questions and information in said application for insurance exert a material influence upon the minds of the officers of the plaintiff company, authorized to accept and issue said insurance policy, so as to induce said plaintiff to accept said risk and issue said policy? *A.* No.

St. Paul F. & M. Ins. Co. v. Laubenstein, 168 Wis. 451.

"(20) Under all the facts and circumstances of this case, ought the officers of the plaintiff company, authorized to accept said risk and issue said insurance policy, to have relied upon the answers to said questions and information set forth in said application? *A.* Yes.

"(22) What sum did the plaintiff pay Anna Huntington as a loss caused by fire, under said policy? *A.* $900, December 20, 1913."

The court changed the answer of the jury to the nineteenth question from "No" to "Yes" and ordered judgment upon the verdict as amended. Judgment was entered accordingly, from which this appeal was taken.

The cause was submitted for the appellant on the brief of *Dillett & Winter* of Shawano, and for the respondent on that of *Grady & Farnsworth* of Portage.

The following opinion was filed December 3, 1918:

KERWIN, J. Several errors are assigned, which, so far as material to be considered, raise the following questions: (1) Whether the court erred in changing the answer of the jury to the nineteenth question. (2) Whether the court erred in refusing to find that the defendant did not act in bad faith and in refusing to find either good or bad faith of the defendant. (3) In refusing to set aside the answer of the jury to the effect that the defendant knew that the insured did not own forty-one acres of land, and knew that the same was not of the value of from $600 to $800. (4) That the court erred in restricting the right of the defendant to introduce evidence and unduly interfered with the defendant's right to cross-examine witnesses.

1. It is insisted that there was evidence to support the answer of the jury to the nineteenth question. The evidence on this finding is practically undisputed. There is positive evidence in the record, coming from the officers of the plaintiff, to the effect that the policy would not have been issued but for the false representations made by the defend-

ant and relied upon by the officers of the plaintiff. The plaintiff had no other information respecting the representations than that furnished by defendant, hence such information is conclusively shown to constitute the inducement for the issuance of the policy.

There is no evidence produced on the trial sufficient to overcome the positive evidence of the plaintiff to the effect that the answers and information in the application exerted a material influence upon the minds of the officers of the plaintiff so as to induce plaintiff to accept the risk and issue the policy. We are therefore of opinion that the answer of the jury to the nineteenth question was contrary to the undisputed evidence.

2. It is further insisted by counsel for respondent that the answer to the nineteenth question in any event was immaterial, therefore plaintiff was entitled to judgment upon the verdict regardless of this finding, and further that the representations constituted a warranty by insured, under sec. 1941—50, Stats., as it existed at the time the policy was issued (which section was afterwards repealed), breach of which would have defeated an action upon the policy, had the plaintiff not been bound by the knowledge of its agent as to the falsity thereof.

In view of the findings of the jury as amended by the court and supported by the evidence it is unnecessary to decide, and we do not decide, whether the nineteenth finding was immaterial or whether the representations made constituted a warranty by the insured.

It having been established by the evidence and findings that the representations were false—known by defendant so to be,—and that in issuing the policy plaintiff believed the false representations to be true and relied thereon in accepting and issuing the policy, and was justified in so doing, and that the answers to said questions and information in the application for insurance did exercise a material influence upon the minds of the officers of the plaintiff so as to induce

it to accept the risk and issue the policy in question, and that plaintiff sustained damages in consequence of the false representations, a cause of action against the defendant was complete. *St. Paul F. & M. Ins. Co. v. Laubenstein,* 162 Wis. 165, 155 N. W. 918; *Krause v. Busacker,* 105 Wis. 350, 81 N. W. 406; *Woteshek v. Neuman,* 151 Wis. 365, 138 N. W. 1000; *Darlington v. J. L. Gates L. Co.* 151 Wis. 461, 138 N. W. 72, 139 N. W. 447; *First Nat. Bank v. Hackett,* 159 Wis. 113, 149 N. W. 703.

No error was committed in refusing to set aside the answer of the jury to the effect that defendant knew that insured did not own forty-one acres of land and knew that the same was not of the value of $600 to $800. There was ample evidence to support these findings.

3. Nor did the court err in refusing to find on the questions of good or bad faith of defendant. That issue was sufficiently covered by the questions submitted to the jury.

4. It is also contended that the court erred in restricting the right of the defendant in the examination of witnesses and unduly interfered with the right of defendant's counsel to cross-examine witnesses. We cannot see that there was any error under this head. The order in which witnesses shall be examined and cross-examined, the form of questions, and manner in which the trial of cases shall be conducted in the trial court are largely within the discretion of the court.

We fail to find any prejudicial error in the record.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on February 4, 1919.