Hilgendorf, Appellant, vs. Schuman, Respondent.

*October 12—November 7, 1939.*

626

*Jack Sattell* of Milwaukee, for the appellant.

*Joseph Lieberman* of Milwaukee, for the respondent.

FRITZ, J. The circuit court order which is under review affirmed an order of the civil court sustaining the demurrer of the defendant, John C. Schuman, to the complaint of the plaintiff, Hilgendorf, on the ground that the facts alleged are insufficient to constitute a cause of action. Summarily stated, the allegations of the complaint, so far as material in passing upon the issues on this appeal, are to the following effect:

The plaintiff is a farmer and shipper of milk. The defendant is by occupation engaged in milk distribution and is president of the Watertown Milk Co-operative Association (hereinafter called the "Co-operative"), which does not bargain to obtain the highest price for its members, but for the distribution of its milk has organized a corporation known as the Dairy Distributors, to which it sells exclusively. The defendant controls that corporation, as well as the Co-operative, and fixes the policies of both with respect to what is to be paid for milk. The state department of markets had power and did set prices that were to be paid shippers of milk, including the plaintiff, but had no authority to set the price of milk shipped to co-operative associations. On October 1, 1935, the plaintiff was induced by the defendant to sign a contract with the Co-operative, binding him to ship his milk to it for five years. The contract does not provide for any price or rate to be paid for the milk so shipped, but leaves that discretionary with the Co-operative's board of directors. To induce the plaintiff to sign the contract, the defendant falsely and fraudulently, with intent to deceive and defraud, stated and represented to the plaintiff that the contract members of the Co-operative "were receiving and would continue to receive" from five to ten cents more per cwt. for their milk than the current price as set by the department of markets in the Milwaukee milk market which noncontract members were receiving, and that plaintiff would, by signing the producers' agreement, receive five to ten cents more per cwt. for his milk than a noncontract member. Plaintiff, believing the representations to be true and relying thereon, signed the contract, and shipped his milk to the Co-operative from October, 1935, to October, 1937, when he became aware that the Co-operative never did and never would or intended to pay the prices represented, and that it was so managed that it could not pay the prices set by the department of markets. For the two hundred forty thousand pounds which plaintiff shipped to the

Co-operative he received forty cents per cwt. less than market price; and when he was induced to enter into the contract, contract members were in truth and fact receiving about forty cents less per cwt. for their milk than the current price in the Milwaukee milk market. By reason of defendant's false and fraudulent statements, plaintiff suffered damages in the sum of $1,000, which he seeks to recover on a first cause of action, and also suffered damages in the sum of $500 because of expense to him in retaining counsel to rescind the contract, and to recover $125 for his last month's shipment of milk to the Co-operative.

In support of his demurrer the defendant contends (1) that the facts alleged are insufficient to constitute a cause of action, because the alleged fraudulent representations are promises as to future action and not statements of fact, and therefore do not constitute fraud; and (2) that the alleged misrepresentation that "the plaintiff would, by signing the producers' agreement, . . . receive from five to ten cents more per cwt. for his milk than the noncontract member" is but promissory in character, and inasmuch as it is alleged to have been made prior to and contemporaneously with the making of the contract the plaintiff cannot show an inconsistent contemporaneous oral agreement, the subject matter of which is covered by the contract. In support of his contentions the defendant relies upon the rule "that fraud must relate to a present or pre-existing fact, and it cannot ordinarily be predicted on unfulfilled promises or statements made as to future events." *Beers v. Atlas Assurance Co.* 215 Wis. 165, 171, 253 N. W. 584. In view of that rule it is true that in so far as the representations related to but future events or were merely promissory in character, they are not actionable. However, the representation that the contract members of the Co-operative *"were receiving"* from five to ten cents per cwt. for their milk more than the current price as set by the department of markets in the Milwaukee market, which non-

contract members were receiving, was not a statement as to a future event or merely promissory as to future action. On the contrary, that representation related to a present or pre-existing fact, and in that respect it was actionable if false.

Defendant further contends that the complaint is demur-rable because it fails to show that the plaintiff sustained damage. Giving to the plaintiff the benefit of the rule that in construing a pleading every reasonable intendment should be made in favor of the pleader (*Kasten v. G. A. Zuehlke Mort-gage Loan Co.* 213 Wis. 555, 558, 252 N. W. 162), the allegations of the complaint as summarized above admit of the construction that the "current price as set by the depart-ment of markets in the Milwaukee milk market" was virtually the market price at Milwaukee, and that the damage sus-tained by the plaintiff on his shipments of the two hundred forty thousand pounds of milk to the Co-operative was the difference between an amount which was five to ten cents per cwt. more than the Milwaukee market price, and the amount in fact received by him, which was forty cents per cwt. less than that price. Thus construed the complaint does show that plaintiff sustained damage.

Moreover in plaintiff's complaint,—but as a second cause of action, which is however based upon the same fraudulent misrepresentations as the first cause of action and is but part thereof,—he alleges that by reason of the fraud it was neces-sary for him to engage counsel and incur expenditures to commence an action which is pending against the Co-opera-tive to obtain a cancellation of the contract and recover for the last month's shipment of milk; and that by reason thereof he has been damaged in the sum of $500. If plaintiff in-curred such expenditures and costs in collateral litigation as a necessary and proximate result of the deceit, they are recover-able as part of the damages sustained by him. 27 C. J. p. 88, § 234; 1 Sedgwick, Damages (9th ed.), § 241; *First Nat. Bank of Hutchinson v. Williams,* 62 Kan. 431, 63 Pac. 744;

*Osborne & Co. v. Ehrhard,* 37 Kan. 413, 15 Pac. 590; *Mc-Osker v. Federal Ins. Co.* 115 Kan. 626, 224 Pac. 53; *Curtley v. Security Sav. Society,* 46 Wash. 50, 89 Pac. 180; *Graham v. Zellers,* 205 Wis. 542, 238 N. W. 385; *Sterling E. & C. Co. v. Miller,* 164 Wis. 192, 159 N. W. 732.

Defendant also contends that the complaint is demurrable because there is no allegation of rescission of the contract. It is well established that in an action for deceit rescission or an offer to return what the defrauded party has received is not a condition precedent to his maintaining an action to recover the damages which he sustained by reason of the fraud. Although the right to rescind may exist, the failure to exercise it does not affect the right to recover damages occasioned by the deceit. Smith, Law of Fraud, p. 258, § 240; 27 C. J. p. 19, § 130; *Brown v. Ocean Accident & Guarantee Corp.* 153 Wis. 196, 201, 140 N. W. 1112; *Hurlbert v. T. D. Kellogg L. & M. Co.* 115 Wis. 225, 91 N. W. 673; *Sell v. Mississippi River Logging Co.* 88 Wis. 581, 60 N. W. 1065.

It follows that the order under review must be reversed. However, in that connection, it must be noted that, because of plaintiff's failure to print on the fly leaves of his brief a synopsis or brief resume as required by Rule No. 9 of this court, no costs can be taxed by him for printing his brief. See Rule No. 44.

*By the Court.*—Order reversed, with directions to the circuit court to enter an order reversing the order of the civil court of Milwaukee county and directing the latter to enter an order overruling defendant's demurrer to the second amended complaint.